IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TIMOTHY W. KEARNS,

        Plaintiff,

v.                                                                            Civil Action: 5:06-CV-105

DR. RAMESH TIMMIAH, DR. CHERIAN
JOHN, DR. GUNEET PUREWAL,

        Defendants.

**REPORT AND RECOMMENDATION RECOMMENDING PLAINTIFF'S COMPLAINT BE DISMISSED AND HIS MOTION FOR INJUNCTIVE RELIEF BE DENIED AS MOOT**

I. Introduction

On August 31, 2006, Timothy W. Kearns (Plaintiff), *pro se*, filed a complaint in this Court against defendants Dr. Ramesh Timmiah, Dr. Cherian John, and Dr. Guneet Purewal. In his one page complaint, Plaintiff asserted he had been asked to sign a contract with the Drug Enforcement Agency (DEA) and that until he did so he could not receive medication. He did not state who asked him to sign this contract. Plaintiff also asserted his doctors, who again are unnamed, hate him because he is a Muslim and they are either Hindu or Christian. Plaintiff demanded damages of $250,000 in the event he suffered seizure or death as a result of the failure of his doctors to give him his medications.

On September 7, 2006, before any responsive pleading was filed, this Court received a

letter from Plaintiff which shed more light on the nature of his claim.[1]  Plaintiff asserted he suffered from disabling panic attacks.  He stated he was taking the drug diazepam in doses between two and ten milligrams daily.  He got this drug from Dr. Vick Wood in Wheeling.  Plaintiff said he had only two days of this drug left and that unless he obtained more he could suffer seizure or death.  He stated he could not obtain transportation to visit Dr. Wood in Wheeling again.  Plaintiff asserted that unless he quickly received additional supplies of diazepam, he would go into a full panic attack.  As a remedy, Plaintiff asked this Court to grant an injunction against either Dr. Thimmiah or Dr. John ordering them to provide him with the drug.  Complicating things even further, Plaintiff asserted he previously had a DEA contract with Dr. Thimmiah and asked this Court to re-instate the contract (how the DEA is involved is unclear).  Furthermore, Plaintiff only wanted the injunction to save him from panic attacks so he could continue to prepare his lawsuit against defendants.

On September 14, 2006, Dr. Purewal filed a Motion to Dismiss.  Dr. Purewal asked this Court to dismiss the complaint for failure to state a cause of action.  In the alternative, she argued that if Plaintiff was making a medical malpractice claim he had failed to follow the required West Virginia state law procedures.  Dr. Purewal finally noted a potential lack of jurisdiction if Plaintiff brought this case under diversity jurisdiction.  This Court gave Plaintiff notice of his right to file responsive materials to the Motion pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), on September 15, 2006.

Drs. Thimmiah and John filed a joint Motion to Dismiss on September 19, 2006.  They stated Plaintiff had failed to effectuate proper service of process.  They also asked the Court to

---

[1] The Court construes this letter as an amendment to Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 15(a).

2

dismiss the suit because, assuming Plaintiff was claiming a cause of action under the federal hate crime statute, his suit did not state a cause of action since the statute does not confer a private cause of action. Finally, the doctors argued that if Plaintiff sought to state a state malpractice claim, his Complaint should be dismissed for failure to comply with the pre-filing procedures in West Virginia Code. The Court provided Plaintiff with notice of his right to file responsive materials to this Motion to Dismiss on September 22, 2006. Roseboro, 528 F.2d at 310.

Plaintiff filed a motion for an injunction on September 20, 2006, seeking the Court to order one of his doctors to continue prescribing him medication. Plaintiff again asserted a DEA drug contract was at issue. He stated the contract was with Dr. Thimmiah. Dr. Thimmiah and Dr. John filed a Response on October 3, 2006, asking the Court to deny the motion. Plaintiff filed another document on October 12, 2006, in which he renewed his request for an injunction. He also stated that if the Court would not grant an injunction against one of the Defendants, he would like an injunction against Dr. Kate Fournie. Plaintiff also asked the Court to appoint a lawyer for him. Finally, Plaintiff specifically stated he was not trying to initiate a medical malpractice claim, but was rather claiming a hate crime had been committed upon him.

## II. Discussion

The Court may dismiss an action under Federal Rule of Civil Procedure 12(b)(6) if the complaint fails "to state a claim upon which relief can be granted." The Court should only order dismissal if "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim." Advanced Health-Care Servs. v. Radford Community Hosp., 910 F.3d 139, 143-44 (4th Cir. 1990) (quoting Johnson v. Mueller,

415 F.2d 354, 355 (4th Cir. 1969)). In making this evaluation, the Court must "take the facts in the light most favorable to the plaintiff," though it "need not accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." Jordan v. Alternative Res. Corp., 458 F.3d 332, 338 (4th Cir. 2006) (quoting Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000).

After considering Plaintiff's Complaint, his September 7, 2006 letter, and the two letters he sent asking for an injunction, the Court concludes Plaintiff may be trying to state a cause of action under the federal or state hate crime statutes.[2] The Court is mindful that since Plaintiff is proceeding *pro se*, it must read the Complaint in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). For the following reasons, the Court concludes the Complaint should be dismissed.

The federal hate crime statute is stated in 18 U.S.C. § 245. It is a criminal statute. It does not confer a private cause of action. See, e.g., Chin v. Wilhelm, 291 F. Supp. 2d 400, 404 n.4 (D. Md. 2003); John's Insulation, Inc. v. Siska Constr. Co., 774 F. Supp. 156, 163 (S.D.N.Y. 1991); Dugar v. Coughlin, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985). Therefore, this claim should be dismissed.

The West Virginia hate crime statute is found at W. Va. Code § 61-6-21. Like its federal counterpart, this is a criminal statute and does not provide a private cause of action. Therefore, this claim should be dismissed as well.

Since the Court concludes Plaintiff has failed to state a cause of action, his motion for

---

[2] It is unclear from the pleadings whether complete diversity exists to allow this Court to exercise jurisdiction under 28 U.S.C. § 1332. Plaintiff is a resident of West Virginia. Dr. Purewal is a resident of Pennsylvania. The residences of Drs. John and Thimmiah are unknown.

4

injunctive relief is moot and should be denied.

### III. Recommendation

For the foregoing reasons, the Court RECOMMENDS that Plaintiff's action be DISMISSED pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a cause of action and Plaintiff's motion for injunctive relief be DENIED as moot.

Any party who appears *pro se* and any counsel of record, as applicable, may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: November 2, 2006

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE