IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TIMOTHY W. KEARNS,

    Plaintiff,

v.                                               Civil Action No. 5:06CV105
                                                                    (STAMP)
DR. RAMESH TIMMIAH,
DR. CHERIAN JOHN and
DR. GUNEET PUREWAL,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Procedural History

On August 31, 2006, the pro se plaintiff, Timothy Kearns, filed a one-page complaint against Dr. Ramesh Timmiah, Dr. Cherian John, and Dr. Guneet Purewal. In the complaint, the plaintiff alleges that the physician defendants hate him because he is Muslim and that he was denied certain unspecified medications unless he agreed to sign "a drug contract from the Drug Enforcement Agency." The plaintiff demands $250,000.00 in damages from each defendant in the event that he suffers a seizure or death as a result of non-receipt of the unspecified medications.

On September 7, 2006, the Court received a more detailed letter from the plaintiff which will be construed as an amendment to the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 15(a). In the amendment, the plaintiff states that he suffers from disabling panic attacks. The plaintiff alleges that he is running out of medication and could suffer a seizure or death

if he is not prescribed more Diazepam. As relief, the plaintiff seeks an injunction against Dr. Timmiah and Dr. John ordering them to prescribe him the drug.

Dr. Purewal filed a motion to dismiss and thereafter Drs. Timmiah and John filed a joint motion to dismiss. Subsequently, the plaintiff filed a motion for an injunction, again seeking a court order directing the physician defendants to prescribe him certain medication. Dr. Timmiah and Dr. John filed a response in opposition to the motion. The plaintiff then filed another document in which he renewed his request for an injunction.

This action was referred to United States Magistrate Judge James E. Seibert for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). On November 2, 2006, the magistrate judge issued a report and recommendation recommending that the plaintiff's complaint be dismissed and that his motion for injunctive relief be denied as moot. The magistrate judge informed the parties that if they objected to any portion of this report, they must file written objections within ten days after being served with copies of the report. The plaintiff filed objections on November 15, 2006.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a

magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff in this case filed objections, the Court will undertake a de novo review as to those portions of the report and recommendation to which objection was made.

### III. Discussion

The Court may dismiss an action under Federal Rule of Civil Procedure 12(b)(6) if the complaint "fails to state a claim upon which relief can be granted." In assessing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept the factual allegations contained in the complaint as true. Advanced Health Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

In their motions to dismiss, the defendants argue that if the plaintiff is making a hate crime claim, his complaint should be dismissed for lack of a private cause of action. Alternatively, the defendants argue that if the plaintiff is advancing a medical malpractice claim, his complaint should be dismissed for failure to

3

follow the mandatory pre-litigation requirements of the West Virginia Medical Professional Liability Act. After reviewing the plaintiff's complaint and various letter filings, the magistrate judge concluded that the plaintiff is attempting to assert a cause of action under the federal and state hate crime statutes, 18 U.S.C. § 245 and W. Va. Code § 61-6-21, respectively. Because neither of these statutes confers a private cause of action, the magistrate judge recommended that the plaintiff's complaint be dismissed for failure to state a claim.

The plaintiff objects that even though the federal and state hate crime statues "don't confer damages for the crime," the "Terry (sic) Schiavo" case "sets a precedence (sic) where a cause of action and a state of claims should be granted." This objection is without merit. The plaintiffs in the well-publicized Terri Schiavo case did not assert hate crime claims. See Schiavo v. Schiavo, 358 F. Supp. 2d 1161 (M.D. Fla. 2005); affirmed by Schiavo v. Schiavo, 403 F.3d 1289 (11th Cir. 2005). Thus, that case does not support the plaintiff's argument that a private cause of action should be recognized under either the federal or West Virginia hate crime statutes. The federal hate crime statute is a criminal statute that does not confer a private cause of action. See e.g. Chin v. Wilhelm, 291 F. Supp. 2d 400, 404 n.4 (D. Md. 2003); John's Insulation, Inc. v. Siska Constr. Co., Inc., 774 F. Supp. 156, 163 (S.D.N.Y. 1991); Dugar v. Coughlin, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985). Additionally, nothing in the language of the West

4

Virginia hate crime statute evidences a legislative intent to confer a private cause of action. Accordingly, the plaintiff's complaint must be dismissed for failure to state a claim.

## IV. <u>Conclusion</u>

For the above-stated reasons, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation. The plaintiff's complaint is DISMISSED pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and the plaintiff's motion for injunctive relief is DENIED AS MOOT. The motion to dismiss of Dr. Ramesh Thimmiah and Dr. Cherian John is GRANTED. The motion to dismiss of Dr. Guneet Purewal is also GRANTED. Accordingly, it is ORDERED that this case be DISMISSED with prejudice and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the plaintiff may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    August 2, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE